LEMMON, Judge
(dissenting).
Petroservice’s employees vacuumed catalyst from the 336 tubes in the four-day period between November 5 and November 8, leaving the caps on top of the tubes. Lou-Con’s employees came along after Pe-troservice’s operation, cut out and removed the tubes, two or three at a time, and then replaced the tubes. American Cyanamid’s employees followed, adding new catalyst.
At the time of the accident American Cyanamid was using a vibrator to settle catalyst in a tube, about 20 feet from the hole above plaintiff. No one else was within 20 feet of the hole.
According to Petroservice’s employee Kruebbe, there were tubes at the time “on both sides of the hole” from which the catalyst had already been removed, with “caps sitting upside down on top of the tubes”. A wall was to the right of the hole, and to the left was a row of tubes with inverted caps on top. This testimony was uncontradicted.
The evidence thus shows that Petroser-vice’s employees set the caps on top of the tubes and that tubes with caps on top surrounded the hole under which plaintiff was *1227 working. The most plausible explanation of the accident, therefore, is that a cap, placed by Petroservice in a precarious position, fell through the hole.
Other explanation are possible, but since no one was in the vicinity of the hole at the time and since no evidence indicates that anyone else left caps in precarious positions during another stage of the operation, this record points to Petroservice’s negligence as the most probable cause of the accident.